EDWARD BATES, PLAINTIFF IN ERROR, V. YORK COUNTY,
DEFENDANT IN ERROR.

**Taxes:** RECOVERING BACK.   On the facts stated in the petition,
*Held,* That moneys paid for the purchase of lands for delinquent
taxes could not be recovered.

ERROR to the district court of York county.   The peti-
tion alleged in substance that, on the 25th of December,
1879, plaintiff purchased of the county treasurer certain
tracts of land for the delinquent taxes of 1879; that said
lands were not reported by the auditor of the state to the
county clerk of said county as lands becoming taxable for
the first time, but were assessed without being reported or
forwarded by the auditor for such purpose; that the sale of
such lands for taxes to the plaintiff by the treasurer of said
county was made without any public notice of such sale
being given before selling at private sale; that said lands
were homesteaded, and first proof made thereon March 9,
1878, April 6, 1878, May 22, 1878, Oct. 14, 1878, and
March 12, 1879.   A demurrer to the petition was sus-
tained by GASLIN, J., sitting there, and the cause dismissed.

*I. Eddy Bennett,* for plaintiff in error, cited: *Hamilton
County v. Bailey,* 12 Neb., 59.   *Otoe County v. Gray,* 10
Neb., 569.   Gen. Stat., 925, § 77.   Cooley Taxation, 216,
374.   *Donovan v. Kloke,* 6 Neb., 127.

*Scott & Frank,* for defendant in error.   Plaintiff's right
of action did not accrue until after the purchase, and the
failure of the title and this right of action was modified by
the statute so far as the action against the county was
concerned.   *Kertschacke v. Ludwig,* 28 Wis., 430.   *Dillon
v. Linder,* 36 Wis., 344.   Comp. Stat., page 425, § 131.
This being an action between the purchaser and the county
for an alleged wrongful act of the treasurer, the purchaser

Lane v. Starkey.

comes strictly within the rule of *caveat emptor.* Cooley on Taxation, 329–375. *Lynde v. Melrose,* 10 Allen, 49.

MAXWELL, J.

This is an action to recover from York county certain moneys paid by the plaintiff to said county in the purchase of lands for delinquent taxes for the year 1878. The plaintiff has taken out no tax deed nor sought one, nor has he endeavored to enforce the lien against the land acquired by the tax purchase and failed. There was no misrepresentation to induce him to purchase, and for aught that is alleged in the petition, he knew all the facts in relation to the title he would obtain, before purchasing. In any event he fails to make a case entitling him to recover the money paid. The case of *Foster v. Pierce County, ante* p. 48, in many respects is analogous to that under consideration. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.